# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

DONALD MORRIS LEE,

            Plaintiff,

  v.

BRIER P.D., et al.,

            Defendants.

Case No. C14-1994 RSL-BAT

**ORDER DIRECTING FILING OF AMENDED COMPLAINT**

On April 17, 2017, the Ninth Circuit issued its mandate affirming in part, vacating in part, and remanding the above-captioned matter for further proceedings. On April 26, 2017, this matter was referred to the undersigned pursuant to 28 U.S.C. §636(b)(1), Local Rules MJR 3, and 4, and Fed. R. Civ. P. 72.

The Ninth Circuit remanded this case with instructions to provide pro se plaintiff Donald Morris Lee with an opportunity to file an amended complaint as to his retaliation claim only:

> The district court properly dismissed Lee's retaliation claim because Lee failed to allege facts sufficient to state a claim. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of retaliation claim in prison context). However, dismissal of this claim without leave to amend was premature because it is not absolutely clear that the deficiencies could not be cured by amendment, and the district court did not notify Lee of the deficiencies in this claim. *See Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend

ORDER DIRECTING FILING OF AMENDED COMPLAINT - 1

> prior to dismissal of the action."). Lee alleged that he was given a disciplinary infraction and moved to a different cell with a violent offender for no reason other than in retaliation for filing a grievance against defendant Redding. Although Lee did not allege that his First Amendment rights were chilled by the alleged adverse action, he should be given an opportunity to amend prior to dismissal of this claim.

Dkt. 52 (Ninth Circuit Case No. 15-35794, Memorandum).

Accordingly, Mr. Lee is directed to file an amended complaint **as to his retaliation claim only** and is advised that, to sustain a civil rights action under § 1983, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In addition, Mr. Lee is advised that a First Amendment retaliation claim in the prison context requires him to prove: (1) the state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir.2005).

Mr. Lee alleged that he was given a disciplinary infraction and moved to a different cell with a violent offender for no reason other than in retaliation for filing a grievance against defendant Redding. This is not sufficient to state a claim of retaliation. Plaintiff must allege facts describing the nature of the retaliatory acts taken against him, including who infracted him, the reason given for the infraction, who moved him to a different cell, how the infraction and move were motivated by the filing of his grievance against defendant Redding, and how he was harmed. Mr. Lee must also allege how the infraction and move chilled the exercise of his First Amendment rights and that the infraction and move were not made to advance a legitimate correctional goal.

ORDER DIRECTING FILING OF AMENDED COMPLAINT - 2

The amended complaint must carry the same case number as this one and must be filed by **May 26, 2017**. If no amended complaint is timely filed, the Court will recommend that this matter be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted.

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint along with a copy of this Order.**

DATED this 28th day of April, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DIRECTING FILING OF AMENDED COMPLAINT - 3